## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KARENA ANNE DAVIS,

      Plaintiff,

   vs.

                            CIV. NO. 1:24-cv-0896 DLM

MICHELLE KING,
*Acting Commissioner of the Social Security Administration*,[1]

      Defendant.

## ORDER

    **THIS MATTER** is before the Court on Plaintiff's unopposed motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 15.) Having considered the request and noting it is unopposed (Doc. 16),[2] the Court **GRANTS** the request and awards Plaintiff **$1,079.30** in attorney fees under the EAJA.

    Payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action.  However, the EAJA award is without prejudice to Plaintiff's attorney's right to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. See 28 U.S.C. § 2412(c)(1) (2006).  If Plaintiff's counsel is subsequently awarded any fees pursuant to 42 U.S.C. §406(b), counsel must refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[1] Michelle King became the Acting Commissioner of Social Security on January 20, 2025.

[2] Under D.N.M. LR-Civ. 7.1(a), Plaintiff's counsel should have but failed to determine whether this motion was opposed by the Government. Plaintiff's counsel is reminded to adhere to all Local Rules. Plaintiff further failed to submit a stipulated proposed order per Local Rules and Chambers guidelines. In the future, the Court will immediately deny without prejudice any motion that fails to follow the relevant rules and guidelines.

Under *Astrue v. Ratliff*, 130 S. Ct 2521, 2528–29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). This Court therefore orders the EAJA fees to be paid to Plaintiff.  If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has properly assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE